GREENBERG TRAURIG, LLP
Paul J. Schumacher (SBN 114146)
Amy B. Alderfer (SBN 205482)
Email: SchumacherP@gtlaw.com,
       AlderferA@gtlaw.com
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404
Telephone: 310-586-7700; Facsimile: 310-586-7800

GREENBERG TRAURIG, LLP
Terry R. Weiss (Admitted *Pro Hac Vice*)
Email: WeissTr@gtlaw.com
The Forum, 3290 Northside Parkway, Suite 400
Atlanta, GA 30327
Telephone: 678-553-2100; Facsimile: 678-553-2212

Attorneys for Petitioner
Morgan Keegan & Company, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MORGAN KEEGAN & COMPANY, INC.,<br><br>    Petitioner,<br><br>vs.<br><br>HORACE GRANT,<br><br>    Respondent. | CASE No. CV09-7369-SJO (FFMx)<br><br>**MORGAN KEEGAN & COMPANY, INC.'S REPLY IN SUPPORT OF ITS MOTION TO VACATE ARBITRATION AWARD**<br><br>Date:  March 8, 2010<br>Time:  10:00 a.m.<br>Ctrm:  1<br><br>**[Filed Concurrently With: Declaration of Terry R. Weiss ; Declaration of Gerard Buitrago; Objections to the Declaration of Andrew Stoltmann; Response to Objections to Declarations of Terry R. Weiss, Thomas Frolik and Points and Authorities; Notice of Lodging]** |

## I. The Court Should Strike Respondent's Opposition and All Supporting Papers Submitted in Violation of This Court's Local Rules.

The Court should strike all pleadings filed by Respondent on February 16, 2010 in violation of this Court's Local Rules, including: Respondent's Opposition and Respondent's Objections.[1] First, Respondent's Opposition and Objections were filed on February 16, 2010, less than 21 days before the March 8, 2010 hearing date, in violation of Local Rule 7-9. *See also* Initial Standing Order for Cases Assigned to Judge S. James Otero ("Judge Otero's Standing Order"), ¶ 14 ("Parties must strictly comply with L.R. . . . 7-9."). The last date Respondent could have timely filed his Opposition and Objections was February 12, 2010, and Petitioner may be deemed to have consented to the granting of Petitioner's motion as a result. *See* L.R. 7-12; Judge Otero's Standing Order, ¶ 18(d); L.R. 7-12.

In an even more serious violation of the Rules, Respondent used his "Objections" in an attempt to avoid the 20-page limitation on opposition briefs. *See* Judge Otero's Standing Order, ¶ 19. Respondent's Objections, which themselves exceed 20 pages, are replete with substantive legal arguments, citations and disagreements with Petitioner's positions, all of which (if made at all) belong in the Opposition, not objections to evidence. *See Think Village-Kiwi, LLC v. Adobe Systems, Inc.*, No. C 08-04166, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (requiring all argument to be within text of reply brief). The Court should strike the Opposition and the Objections because Respondent has made untimely filings that exceed the strict page limitations, in violation of this Court's Rules.

## II. The Arbitration Award Must Be Vacated Because Of Arbitrator Misconduct and Bias.

Together with this Reply, Petitioner is filing the original and "official" digital audio recordings of the entire arbitration proceeding provided by FINRA, and those

---

[1] "Respondent's Objections" collectively include the Objection to the Declaration of Terry Weiss; the Objection to the Declaration of Tom Frolik; and the Objection to Petitioner's Points and Authorities.

1

MORGAN KEEGAN & COMPANY, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO VACATE ARBITRATION AWARD

recordings were available to Respondent through FINRA at all times. (Declaration of Terry R. Weiss in Support of Morgan Keegan's Reply ("Weiss Reply Decl."), ¶¶ 3-6, Ex. N, FINRA audio files.) Petitioner is also filing audio excerpts which are true and correct copies of those portions of the record cited in Morgan Keegan's Memorandum of Points and Authorities in Support of its Motion to Vacate Arbitration Award. (Weiss Reply Decl., ¶ 7, Ex. O, Excerpts of FINRA audio files; Declaration of Gerard Buitrago ("Buitrago Decl."), ¶¶ 2-5.) The record before the Court demonstrates that virtually every independent basis upon which to grant vacatur is met by the facts of this case.[2]

### A. The Award Must Be Vacated Because The Arbitrators Made Up Their Minds Before Allowing Morgan Keegan To Put On a Defense.

Respondent does not offer any basis to disagree that the arbitrators decided the case before Morgan Keegan had an opportunity to put on a defense, as reflected in the sound recordings submitted to the Court; nor does Respondent dispute that such misconduct would satisfy any of the various independent bases for vacatur, such as "bias," "evident partiality," engaging in "misbehavior by which the rights of any party have been prejudiced," "exceeding their powers," or issuing an "irrational" award or an award in "manifest disregard of the law."[3] Respondent's sole bases of attack are limited to (1) asking questions about the transcript that was originally submitted, which have now been answered by a submission of the official sound recording filed contemporaneously with this Reply[4] and (2) trying to say with a straight face that Morgan Keegan received a

---

[2] Respondent is incorrect that an arbitration award may be vacated "*only if*" the award is irrational or constitutes manifest disregard of the law. (Opposition at 2, emphasis added, citing *Comedy Club, Inc. v. Improv West Associates*, 553 F.3d 1277 (9th Cir. 2009)). These are but two of the statutory grounds for vacatur under 9 U.S.C. § 10(a). Unlike this case, *Comedy Club* did not involve other bases for vacatur.

[3] Respondent is correct that the arbitrators allowed Morgan Keegan to "go through the motions" of putting on its case, although the arbitrators had already made up their mind. But doing so, and not disclosing the fact that the arbitrators had already decided against Morgan Keegan, is nothing short of perpetuating a fraud, in violation of the Oath of Arbitrators, the AAA/ABA Code of Ethics, and 9 U.S.C. § 10(a).

[4] The relevant portions of the sound recording are factually consistent with the portions from the arbitration hearing quoted in Respondent's Motion to Vacate. (Weiss Reply Decl., ¶¶ 10-13, Exhibit N, FINRA audio files, and Exhibit O, Excerpts of FINRA audio files.)

2

"fundamentally fair hearing," even though the arbitrators decided the case before hearing Morgan Keegan's evidence, and based their decision on facts outside of the hearing room.[5] "[A]n arbitrator is confined to interpretation and application of the [case before him]; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the [case before him]. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S. Ct. 1358, 1361, 4 L. Ed. 2d 1424 (1960); *see also* Canon IV(B) of the AAA/ABA Code of Ethics.[6] Under such circumstances, and the undisputed facts and arguments, the Award must be vacated.

### B.  The Award Must Be Vacated Because Arbitrator Schwartz Was Not Truthful In His Disclosure Report To The Parties.

The fact of and the manner in which Arbitrator Schwartz was not truthful in his Arbitrator Disclosure Report "creates an impression of possible bias… in the eyes of the hypothetical reasonable person," justifying vacatur. *See Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 149, 89 S. Ct. 337, 339, 21 L. Ed. 2d 301 (1968); *Apusento Garden (Guam) Inc. v. Superior Court of Guam*, 94 F.3d 1346, 1352 (9th Cir. 1996); *Middlesex Mut. Ins. Co. v. Levine*, 675 F.2d 1197, 1201 (11th Cir. 1982) (recognizing "'per se rule' or irrebuttable presumption requiring award to be set aside once it is established that arbitrator actually knew of, yet failed to disclose potentially prejudicial facts which could impair his judgment"). *Woods v. Saturn Distrib. Corp.*, 78 F.3d 424 (9th Cir. 1996), cited by Respondent, confirms that in the Ninth Circuit, in a non-disclosure case like this instance, "a reasonable impression of bias" is all that is

---

[5] Such matters include the Panel's reference to the "guy who's up on the 50th floor," the "guy who's down on the street," that Goldman Sachs employees received multi-million dollar bonuses, and relying on argument of Respondent's counsel as "evidence" of damages. (Weiss Reply Decl., ¶ 11, Ex. N, FINRA audio file 1021.mp3 at 01:41:41 through 01:45:56, and Ex. O.)

[6] "The arbitrator should afford to all parties the right to be heard . . . . The arbitrator should allow each party a fair opportunity to present its evidence and arguments."

3

needed to establish evident partiality "because the integrity of the process by which arbitrators are chosen" is placed at issue. *Woods*, 78 F.3d at 427 (citing *Schmitz v. Zilveti*, 20 F.3d 1043, 1047 (9th Cir. 1994) (holding that a finding of "reasonable impression of partiality," rather than "actual bias," is enough to vacate an award in the non-disclosure context)). "The policy consideration necessitating the standard in non-disclosure cases [is] to ensure that the parties are able to choose the arbitrator intelligently." *Woods*, 78 F.3d at 428. Because of Arbitrator Schwartz's failure to disclose prejudicial facts, Morgan Keegan was denied the right to choose arbitrators intelligently.

Schwartz's web site[7] makes it clear that he was not truthful with Morgan Keegan because he did not tell Morgan Keegan:

-- That he was actively soliciting suits against brokerage firms (like Morgan Keegan), for losses connected with CDO's or structured products;

-- That he "works to hold brokers and financial advisers responsible for their actions and the advice they give to their clients";

-- That he perceives himself as an aggressive advocate for investors;

-- That during 30 years he developed *a thorough understanding* of CDO's;

--That he does not *primarily* represent brokers, as represented to Morgan Keegan.

(*See* Exs. L and I.) Morgan Keegan would have had Schwartz removed as an Arbitrator if he was truthful. Schwartz violated his Oath of Arbitrator, was biased, and perpetuated a fraud on the arbitration process. As such, the Award must be vacated under 9 U.S.C. § 10(a).

---

[7] The last update Schwartz's web site, http://www.nasdlaw.com, according to Andrew Stoltmann's Declaration, was July 20, 2008, *before the hearing of this matter.* See Declaration of Andrew Stoltmann in Support of Grant's Opposition to the Motion to Vacate ("Stoltmann Decl."), ¶ 44. Therefore, according to Respondent's admission, the February 3, 2010 version of Arbitrator Schwartz's website, with all its anti-brokerage firm propaganda, was the version of the website in place before and during the hearing.

### C. The Award Must Be Vacated Because It Was Not Supported By The Evidence But Was On Based On Argument Of Counsel.

Finally, the arbitrators exceeded their authority by awarding damages in excess of the stipulated net out-of-pocket loss amount of less than $350,000, but instead improperly relied upon the unsworn arguments of Respondent's counsel. *See* Weiss Reply Decl., ¶¶ 12-13, Ex. N, FINRA audio file 1021.mp3 at 00:13:50 through 00:13:59, and 1022.mp3 at 00:14:01 through 00:14:47, and Ex. O; *see also U.S. v. Lazarenko*, 564 F.3d 1026, 1037 (9th Cir. 2009) (". . . argument is not evidence"), *cert. denied*, 130 S. Ct. 491 (2009); *Perfect Web Technologies, Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1332 (Fed. Cir. 2009) (attorney argument is not evidence).[8] Respondent admits that net-out-of pocket is the proper measurement of damages in California,[9] and the parties and their experts agreed that if liability was found, the losses were less than $350,000. The Award must be vacated.

### III. CONCLUSION

For the reasons stated above, and those set forth in Petitioner's Motion to Vacate Arbitration Award and the Memorandum filed contemporaneously therewith, Morgan Keegan respectfully requests that the Court vacate the arbitration award and remand the matter to FINRA for a rehearing with a new arbitration panel.

DATED: February 22, 2010

GREENBERG TRAURIG, LLP

By /s/ Paul J. Schumacher
    Paul J. Schumacher
    Attorneys for Petitioner
    Morgan Keegan & Company, Inc.

---

[8] Respondent's argument that the Panel relied on a 2007 year-end account statement is unavailing given that the undisputed evidence by the parties was that Respondent's net out-of-pocket losses were not reflected on this document. (*See* Exs. A and B.)

[9] *See* Stoltmann Decl., ¶ 33; *see also Randall v. Loftsgaarden*, 478 U.S. 647, 655-56, 106 S. Ct. 3143, 3149-50, 92 L. Ed. 2d 525 (1986) (proper to offset income received).

5

MORGAN KEEGAN & COMPANY, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO VACATE ARBITRATION AWARD